The STATE of Texas, Appellant,

v.

Lisa Margaret HARROD, Appellee.

No. 05–01–01748–CR.

Court of Appeals of Texas,
Dallas.

July 10, 2002.

Rehearing Overruled Aug. 30, 2002.

Mark McCraw, McCraw & McCraw, McKinney, for Appellee.

Cynthia Ann Walker, Collin County Assistant District Attorney, McKinney, for Appellant.

Before Justices MORRIS, WHITTINGTON, and RICHTER.

## OPINION

Opinion by Justice MORRIS.

In this criminal case, we construe a Texas Family Code provision that grants immunity from liability. Specifically, we determine whether section 261.106(a) of the Texas Family Code broadly protects a person from any criminal liability or whether it protects a person from criminal liability only for certain acts referred to in the section, including reporting child abuse and participating in a child abuse investigation. We conclude the family code, as applied in this case, does not grant the broad immunity suggested by appellee but, instead, immunizes a person from criminal liability that might otherwise arise for the act of reporting child abuse or participating in a child abuse investigation.

In April 1998, appellee was given information that made her believe Richard Wayne Bell had molested her two daughters. The daughters were nine and seven years old at the time of the offenses. Initially, the daughters would not admit the abuse. The nine-year-old daughter, however, later told appellee that Bell had sexually abused her at least three times. Appellee did not report Bell to the police. In June 1998, the police were investigating an unrelated abuse claim against Bell and contacted appellee in the course of the investigation. On June 12, appellee met with a police detective to discuss Bell's actions toward her daughters. At that time, she voluntarily signed a statement reporting the sexual abuse. Eventually, Bell pleaded guilty to molesting appellee's

older daughter and was convicted of the crime.

After Bell's conviction, the State charged appellee in a two-count information with failing to report child abuse. The information alleged the failure to report abuse or neglect of several different children, including appellee's two daughters. At a pretrial hearing, appellee argued that she was immune from prosecution under section 261.106(a) of the family code. She contended her act of reporting Bell's sexual abuse of her children to police when they contacted her in June 1998 rendered her immune from prosecution for failing to report the abuse earlier. The State responded that section 261.106(a) did not apply to appellee's case because her prosecution did not arise from her report of child abuse but from her failure to report it. The trial court agreed with appellee and dismissed the case against her.

In two issues on appeal, the State contends first that appellee is not entitled to immunity because the offense charged against her did not arise out of her involvement in the case against Bell and, second, that the trial court abused its discretion in determining appellee acted in good faith. We begin with the first issue, which hinges on the meaning of section 261.106(a).

Section 261.106(a) states:

A person acting in good faith who reports or assists in the investigation of a report of alleged child abuse or neglect or who testifies or otherwise participates in a judicial proceeding arising from a report, petition, or investigation of alleged child abuse or neglect is immune from civil or criminal liability that might otherwise be incurred or imposed.

TEX. FAM.CODE ANN. § 261.106(a) (Vernon 1996). Section 261.106 is contained within the same subchapter as the statute describing who is required to report child abuse. That statute, in turn, states that a person "having cause to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect by any person *shall immediately make a report* as provided by this subchapter." *Id.* § 261.101(a) (emphasis added). The subchapter also contains the statute that criminalizes the failure to immediately make a report of child abuse. It states: "A person commits an offense if the person has cause to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect and knowingly fails to report as provided in this chapter." *Id.* § 261.109.

■ Appellee argues that under section 261.106(a), she is immune from prosecution under section 261.109 for failing to immediately report the abuse of her children. In the trial court, appellee asserted the immunity provided in section 261.106 was designed to protect careful parents who elected to investigate possible child abuse before immediately reporting it. The statute, however, is not so narrowly drawn. It applies not just to parents, but to any person (other than the abuser) who reports child abuse in good faith. *Id.* § 261.106. Further, it contains no specific reference to the failure-to-report offense described in section 261.109, but applies instead to criminal liability that might *"otherwise* be incurred or imposed." *Id.* § 261.106(a) (emphasis added). Appellee's construction of section 261.106 requires the word "otherwise" to be read to mean "other" possible criminal liability. For this reason, under appellee's construction of section 261.106, once appellee made the report about Bell's abuse of her daughters, she obtained immunity not only from her failure to immediately report Bell's abuse

of her daughters but from *any* criminal liability that might be imposed on her.

■ We must construe section 261.106 in accordance with its plain meaning unless the section is ambiguous or its plain meaning leads to absurd results. *See Mosley v. State*, 983 S.W.2d 249, 256 (Tex.Crim.App. 1998). Here, appellee's reading of the word "otherwise" would cause the statute to provide immunity for any act or omission, even those unrelated to the abuse being reported or investigated under the statute. Such a construction of section 261.106 in this case would result in appellee's report of child abuse rendering her immune from liability for *any* act or omission she may have committed or might commit in the future. Such a result would be absurd.

Another way to construe the statute, however, is to read the word "otherwise" in its conventional sense, which is "under different circumstances." *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1598 (1993). When the word "otherwise" is given its conventional meaning, the statute immunizes a person from any liability that could arise from the specific acts the statute describes—reporting child abuse, assisting in the investigation of child abuse, or testifying in such a case. *See* TEX. FAM.CODE ANN. § 261.106(a). The want of immunity that exists except for the presence of the statute is, in effect, the "different circumstance" under which liability could "otherwise" be imposed. In contrast to appellee's reading of the statute, this latter reading construes the statute in accordance with its plain meaning. *See Moosani v. State*, 914 S.W.2d 569, 573 (Tex.Crim.App.1995) (noting that when statutory term is not defined by the statute, court may look to commonly understood definition to determine its plain meaning). We must favor this construction because it gives effect to the statute's plain meaning and does not produce an absurd result. *See Mosley*, 983 S.W.2d at 256.

■ But even if we were to assume appellee's reading of the statute is a reasonable one, her reading juxtaposed with what we perceive to be the statute's plain meaning would merely result in an ambiguity created by the word "otherwise" that appears in the statute's ending phrase. If a statute is ambiguous, we may consider extra-textual factors, such as the legislative history and the probable consequences of a particular interpretation. *See Sanchez v. State*, 995 S.W.2d 677, 683 (Tex. Crim.App.1999). And if the statute could reasonably be interpreted in two different ways, we may consider the consequences of differing interpretations in deciding which interpretation to adopt. *See Muniz v. State*, 851 S.W.2d 238, 244 (Tex.Crim. App.1993). Furthermore, if a reasonable interpretation of an ambiguous statute would lead to an absurd result and a second reasonable interpretation would result in no such absurdities, the latter interpretation should be preferred. *Id.* We conclude that applying these standards to the statute—assuming its ambiguity for the purpose of discussion—would produce the same result as our plain reading of it. The reason for our conclusion follows.

The child abuse reporting and immunity statutes had their genesis in Senate Bill 225 of the Fifty–Ninth Regular Legislature, "An Act relating to physicians' reports of certain injuries involving children; and declaring an emergency." Act of Apr. 7, 1965, 59th Leg., R.S., ch. 117, 1965 Tex. Gen. Laws 277. The original reporting law stated that any physician "may report" an injury if he believes the injury is due to maltreatment or neglect. *See id.* § 1. The law on immunity provided, "A physician is immune from civil and criminal liability for reporting as defined by this Act." *Id.* § 3.

Obviously, the intent of the original· law was to protect physicians from lawsuits arising from their decision to report what they suspected was child abuse, not from all civil and criminal liability arising from unrelated acts.

In 1969, the laws were amended. *See* Act of Apr. 29, 1969, 61st Leg., R.S., ch. 219, 1969 Tex. Gen. Laws 637. The reporting statute extended the reporting option to medical staff of institutions, school teachers, nursery school directors, coroners, social workers, and all peace officers. *Id.* § 2. The immunity statute provided, "Any person making a report without malice pursuant to this Act is immune from any civil or criminal liability." *Id.* § 3.

It was not until 1971 that reporting became mandatory. *See* Act of May 24, 1971, 62d Leg., R.S., ch. 902, § 2, 1971 Tex. Gen. Laws 2790, 2791. At that point, the reporting law changed to provide, "Any person having cause to believe that a child's physical or mental health or welfare has been or may be further adversely affected by abuse or neglect shall report in accordance with Section 3 of this Act." *Id.* The immunity section also changed to provide that "[a]ny person reporting pursuant to this Act shall have immunity from liability, civil or criminal, that might *otherwise* be incurred or imposed." *Id.* § 4 (emphasis added). After 1971, the reporting and immunity sections were *not* again amended at the same time until 1995, when they were both included in subchapter B of chapter 261 of the family code, "Report of Abuse or Neglect; Immunities." *See* Act of Apr. 6, 1995, 74th Leg., R.S., ch.20, § 1, 1995 Tex. Gen. Laws 113, 260, 261. The statutes have not been amended since then.

The clear import of the progression of these statutes is that the legislature intended to protect reporters of child abuse from liability for the act of reporting the abuse itself, not from civil or criminal liability generally. In the trial court, appellee argued, and the trial judge agreed, that the immunity statute operates to encourage parents who had previously failed to report child abuse to do so without fear of liability for failing to report the abuse sooner. But this construction is flawed for at least two reasons.

■ First, appellee's construction of section 261.106(a) renders section 261.101(a)'s requirement of *immediate* reporting meaningless because, under her construction, a reporter of child abuse would be immune from criminal liability regardless of when she reported the abuse. Section 261.106(a) must be construed by examining not only its own language but the context of the entire law in which it was written. *See Brown v. State,* 915 S.W.2d 533, 536 (Tex.App.-Dallas 1995), *aff'd,* 943 S.W.2d 35 (Tex.Crim.App.1997). A single provision of the law may not be given a meaning "out of harmony or inconsistent with other provisions, although it might be susceptible of such a construction if standing alone." *Grunsfeld v. State,* 813 S.W.2d 158, 168 (Tex.App.-Dallas 1991), *aff'd,* 843 S.W.2d 521 (Tex.Crim.App.1992). Here, sections 261.106(a) and 261.101(a) are found in the same subchapter of the family code, and they were passed by the legislature in the same statute. Therefore, we must presume that the legislature intended both sections to be effective. *See State v. Magee,* 29 S.W.3d 639, 640 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd) (citing TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998)). Appellee's construction of section 261.106(a) would nullify section 261.101(a) in a case such as the one presented here.

Second, appellee's construction of section 261.106(a) is also flawed because it incorrectly implies that the immunity allowed under section 261.106(a) extends to

acts other than the reporting of child abuse, assisting in the investigation of child abuse, or testifying in a child abuse trial. If the legislature intended for immunity to apply to acts other than those specified in section 261.106, the legislature did not specify how far that immunity was to reach. An interpretation that the legislature intended to protect persons who report child abuse from being civilly or criminally liable for any act or omission committed by them in the past, present, or future would be absurd, and the statute presents no reasonable third alternative. In construing the statute, we must presume the legislature intended the word "otherwise" to be more than superfluous. *See Whitelaw v. State,* 29 S.W.3d 129, 131 (Tex.Crim.App.2000). Moreover, the law's history shows the statute was designed to protect reporters of child abuse from later facing liability for the act of reporting the abuse, not as an incentive to encourage parents to report child abuse in a tardy fashion without fear of being prosecuted for failure to report. Thus, we conclude that section 261.106(a) of the Texas Family Code allows those people who in good faith report child abuse or assist in the investigation of child abuse to be immune from criminal liability that might arise because of those acts and not from criminal liability generally.

■ Here, the State prosecuted appellee for her failure to immediately report child abuse. *See* TEX. FAM.CODE ANN. §§ 261.101, 261.109. The prosecution did not arise from appellee's report of the molestation of her two daughters. And it did not arise from her participation in the investigation of Bell. Accordingly, she is not immune by virtue of section 261.106(a) from the current charges. The trial court erred by dismissing the case against appellee. We resolve the State's first issue in its favor. For this reason, we do not reach the State's second issue.

We reverse the trial court's dismissal order and remand for further proceedings.