COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-267-CV

DEBRA DI SIBIO APPELLANT

V.

TODD EDWARD PARISH APPELLEE

------------

FROM THE 16
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Debra Di Sibio appeals from two orders ruling on post-divorce actions filed by her and Appellee Todd Edward Parish.  In two points, Di Sibio argues that the trial court erred by failing to sanction Parish for filing an alleged groundless pleading and by awarding Parish attorney’s fees.  We will affirm.

II.  Factual and Procedural Background

The trial court signed a divorce decree dissolving the marriage of Di Sibio and Parish on August 13, 2001.  On November 19, 2002, Parish filed his motion for enforcement of order by contempt, which alleged in sixty-seven counts that Di Sibio had failed to comply with portions of the divorce decree. Counts one through forty-six alleged violations of Parish’s exclusive right to determine the school or day care facilities attended by their two children; counts forty-seven through forty-nine concerned Di Sibio’s alleged failure to allow Parish access to the children while Di Sibio was taking an in-town vacation; counts fifty through fifty-eight concerned Di Sibio’s alleged failure to give Parish twenty-four hours’ notice of one of the children’s scheduled medical or dental appointments; counts fifty-nine through sixty-one concerned Di Sibio’s alleged failure to reimburse Parish for her portion of uninsured medical or health care costs incurred by the children; counts sixty-two through sixty-four concerned Di Sibio’s alleged failure to produce to Parish a “Creative Memories” album; count sixty-five concerned Di Sibio’s alleged failure to provide Parish with a suitably framed print of the “Orca Picture”; and count sixty-seven concerned Di Sibio’s alleged failure to obtain Parish’s written agreement to take the children out of the contiguous United States on a vacation.  Parish requested that Di Sibio be held in contempt, jailed for a period not to exceed six months, “and/or” fined for each count alleged.

Di Sibio responded with her motion to strike, special exceptions, and rule 13 request for sanctions and attorney’s fees.  Di Sibio also filed her petition to modify in suit affecting the parent-child relationship in which she sought to be named primary joint managing conservator with the exclusive right to determine the legal domicile and residence of the children or, in the alternative, sole managing conservator.  At a February 2003 hearing, the trial court granted a number of Di Sibio’s special exceptions to the motion to enforce and clarified portions of the divorce decree, including Parish’s right to determine the school or day care facilities attended by the children.  Parish subsequently filed his first amended motion for enforcement of order by contempt, which reduced the number of contempt counts to eight, and, after mediation and more litigation, his second amended motion for enforcement of order by contempt in September 2004, which included an additional allegation that Di Sibio had failed to obtain a written agreement with Parish regarding her intent to take the children to the Dominican Republic.

The trial on Parish’s motion for enforcement and Di Sibio’s motion to modify took place in September 2005.  On May 1, 2006, the trial court signed its order on Parish’s second amended motion for enforcement of order by contempt denying Parish’s requested contempt relief and denying Di Sibio’s requested sanctions as to Parish’s original motion to enforce.  That same day, the trial court signed its order in suit affecting the parent-child relationship ordering Parish, among other things, to have standard visitation and ordering Di Sibio to pay Parish attorney’s fees in the amount of $20,000.00.  Di Sibio appeals from these two orders.

III.  Rule 13 Sanctions

In her first point, Di Sibio argues that the trial court erred by failing to sanction Parish for filing the sixty-seven count contempt motion because the pleading was “specious” and “groundless” on its face and was filed “in bad faith and to harass” her.  Parish responds that Di Sibio failed to show that the pleading was groundless and brought in bad faith or for the purpose of harassment.

Filing a frivolous pleading is litigation misconduct subject to sanction under Texas Rule of Civil Procedure 13.  
Tex. R. Civ. P.
 13; 
see Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios
, 46 S.W.3d 873, 878 (Tex. 2001).  Rule 13 permits a trial court to impose sanctions against an attorney, a represented party, or both if the evidence establishes that a pleading is either (1) groundless and brought in bad faith or (2) groundless and brought to harass.  
Tex. R. Civ. P.
 13.  “Groundless” means no basis in law or fact and not warranted by the good faith argument for the extension, modification, or reversal of existing law.  
Id
.  In evaluating an allegation of a rule 13 violation, courts must presume that pleadings are filed in good faith, and the party seeking rule 13 sanctions has the burden to overcome the presumption.
  
GTE Commuc’ns Sys. Corp. v. Tanner
, 856 S.W.2d 725, 731 (Tex. 1993).

A trial court’s ruling on a motion for sanctions is reviewed under an abuse of discretion standard.  
Cire v. Cummings
, 134 S.W.3d 835, 838 (Tex. 2004).  “The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court’s action, but ‘whether the court acted without reference to any guiding rules and principles.’”  
Id
. at 838–39.  The trial court’s ruling should be reversed only if it was arbitrary or unreasonable.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241–42 (Tex. 1985).

Section 105.006(d) of the family code requires that certain language be included in a written ruling that orders child support or possession of or access to a child.  
See 
Tex. Fam. Code Ann.
 § 105.006(d) (Vernon Supp. 2007).  The relevant language provides in part as follows:

FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT.  A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500.00 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY’S FEES AND COURT COSTS.

Id
.
  Parish relied on this language, which is in the divorce decree, as the basis for his request that Di Sibio be held in criminal contempt for allegedly failing to comply with the portions of the divorce decree concerning either child support or possession of or access to the children.  The contempt grounds that do not concern child support or possession of or access to the children are not groundless for having no basis in law because Parish also requested in his motion for enforcement that Di Sibio be “
fined 
for each count alleged” instead of being held in criminal contempt.
(footnote: 2) [Emphasis added].  Parish’s enforcement action is thus not groundless for having no basis in law.

Di Sibio argues that portions of the divorce decree are not sufficiently specific to be enforced by criminal contempt.  Parish, however, requested in his motion for enforcement that the trial court enter a clarifying order if it determined that any part of the divorce decree was not sufficiently specific to be enforced by criminal contempt.  
See In re B.A.B.
, 124 S.W.3d 417, 420–421 (Tex. App.—Dallas 2004, no pet.) (recognizing request for trial court

to enter clarification order if “any part of the order sought to be enforced is not specific enough to be enforced by contempt”).

As for the factual bases for the contempt counts, Di Sibio organizes her argument by grouping the complained-of counts together according to the applicable portion of the divorce decree allegedly violated instead of setting forth an argument for each individual count.  Our analysis will thus do the same.

A. Counts One through Forty-Six

With the exception of the dates of the alleged contemptible conduct, counts one through forty-six alleged that Di Sibio, although able to comply, failed to abide by Parish’s written notification informing her that he would serve as the day care provider for the children.  The divorce decree language relied upon for these counts is as follows:

IT IS ORDERED that [Parish] shall have exclusive right to determine the school or day care facilities the children will attend. 

Parish testified that these counts concerned Di Sibio’s failure to comply with his written notice informing her that he was going to serve as the day care provider when Di Sibio needed day care.  Parish’s opinion that the above portion of the divorce decree appropriately served as the basis for the contempt counts is supported by the trial court’s comments in an October 2001 hearing in which it affirmatively responded to Di Sibio’s counsel’s question inquiring into whether “a daycare facility is any person who’s prepared to provide daycare for the children.”  The trial court stated that its “definition [of a day care facility] as it would stand right now . . . would be any place where children are to be cared for during the day.”  The trial court’s subsequent clarification of this portion of the divorce decree in February 2003 did not in and of itself render counts one through forty-six groundless.  Because the complained-of counts are not groundless for having no basis in fact, we hold that the trial court did not abuse its discretion by not imposing sanctions based on counts one through forty-six of the enforcement action.  
See 
Tex. R. Civ. P.
 13; 
Downer
, 701 S.W.2d at 241–42 (stating that trial court’s ruling should be reversed only if it was arbitrary or unreasonable).

B. Counts Forty-Seven through Forty-Nine

With the exception of the dates of the alleged contemptible conduct, counts forty-seven through forty-nine alleged that Di Sibio, although able to comply, failed to comply with Parish’s written notification informing her of his desire to exercise his forty-eight hour period of possession with the children during her in-town vacation in December 2001.  The divorce decree language relied upon for these counts is as follows:

On vacations where the party taking vacation is not going out of town, the party not on vacation shall be able to have at least one period of 48 hours with an overnight during the vacation access of the other party.

Parish’s testimony at the September 2005 trial and his attorney’s arguments at the February 2003 hearing demonstrate that the counts were based on the alleged facts that Di Sibio had possession of the children, that Di Sibio notified Parish that she would be taking an in-town vacation, that Parish requested a forty-eight hour period of time with the children, and that Di Sibio never honored Parish’s request.  Further, the counts were  not rendered groundless as a result of the trial court’s subsequent clarification of the above portion of the divorce decree (which caused Parish to drop the counts in the amended motion to enforce) and Di Sibio’s argument that part of the family code superceded Parish’s reliance on this portion of the divorce decree.  Because the complained-of counts are not groundless for having no basis in fact, we hold that the trial court did not abuse its discretion by not imposing sanctions based on counts forty-seven through forty-nine of the enforcement action.  
See 
Tex. R. Civ. P.
 13; 
Downer
, 701 S.W.2d at 241–42 (stating that trial court’s ruling should be reversed only if it was arbitrary or unreasonable).

C. Counts Fifty through Fifty-Eight

With the exception of the dates of the alleged contemptible conduct, counts fifty through fifty-eight alleged that Di Sibio, although able to comply, failed to notify Parish of appointments that one of the children had been attending with a therapist.  The divorce decree language relied upon for these counts is as follows:

IT IS ORDERED that each conservator shall give notice to the other party of any scheduled medical or dental appointments made by that party for the children within twenty four (24) hours of making such appointments[.]

The record shows that Di Sibio had been taking one of the children to a licensed clinical social worker for counseling since the divorce was finalized in August 2001 but that Parish did not learn about the counseling sessions until he received the “EOB statements” from the insurance company, which was sometime after the sessions had begun.  At the February 2003 hearing, Parish’s attorney explained that he thought the counseling sessions fell under the medical appointments language in the divorcee decree because “[t]ypically insurance providers include reimbursement for psychological appointments as part of medical coverage.”  The trial court’s subsequent disagreement with Parish’s attorney’s interpretation of the divorce decree did not in and of itself render the counts, which were later dropped, groundless.  Because the complained-of counts are not groundless for having no basis in fact, we hold that the trial court did not abuse its discretion by not imposing sanctions based on counts fifty through fifty-eight of the enforcement action.  
See 
Tex. R. Civ. P.
 13; 
Downer
, 701 S.W.2d at 241–42 (stating that trial court’s ruling should be reversed only if it was arbitrary or unreasonable).

D. Counts Fifty-Nine through Sixty-One

With the exception of the dates of the alleged contemptible conduct, counts fifty-nine through sixty-one alleged that Di Sibio, although noticed and able to comply, failed to reimburse Parish for fifty percent of one of the children’s uninsured medical prescription expenses.  The divorce decree language relied upon for these counts is as follows:

IT IS ORDERED AND DECREED that, within ten (10) days after the nonpaying party receives the forms, receipts, bills, or statements, that party shall pay his or her share of the uninsured portion of the medical or health care expenses either by paying the health-care provider directly or by reimbursing the paying party for any advance payment exceeding the paying party’s share of the expenses.

Parish testified that he supplied Di Sibio with three receipts and that he requested that she reimburse him for her part of the medical expenses.  He testified, however, that neither he nor the health care provider had been reimbursed for Di Sibio’s portion of the expenses.  Because the complained-of counts are not groundless for having no basis in fact, we hold that the trial court did not abuse its discretion by not imposing sanctions based on counts fifty-nine through sixty-one of the enforcement action.  
See 
Tex. R. Civ. P.
 13; 
Downer
, 701 S.W.2d at 241–42 (stating that trial court’s ruling should be reversed only if it was arbitrary or unreasonable).

E. Counts Sixty-Two through Sixty-Four

With the exception of the dates of the alleged contemptible conduct, counts sixty-two through sixty-four alleged that Di Sibio denied Parish access to the “Creative Memories” albums.  The divorce decree language relied upon for these counts is as follows:

IT IS ORDERED AND DECREED that the property referred to by the parties as the “Creative Memories” albums shall be the property of the children held in trust by the party who has possession of them at any particular time.  The albums shall remain with [Di Sibio], except that the same will be made available to [Parish] on request, and may remain in his possession for up to thirty (30) days.

The record demonstrates that the parties disputed whether the albums had been turned over in compliance with the divorce decree.  Di Sibio argued that she had tendered the albums to Parish along with a receipt for him to sign, but Parish testified that he had been asked to sign the receipt before the albums were ever tendered to him.  Nonetheless, as Parish points out, a mediated settlement agreement entered into by the parties in May 2003 addressed the dispute over the albums.  Because the complained of counts are not groundless for having no basis in fact, we hold that the trial court did not abuse its discretion by not imposing sanctions based on counts sixty-two through sixty-four of the enforcement action.  
See 
Tex. R. Civ. P.
 13; 
Downer
, 701 S.W.2d at 241–42 (stating that trial court’s ruling should be reversed only if it was arbitrary or unreasonable).

F. Count Sixty-Five

Count sixty-five alleged that Di Sibio failed to comply with Parish’s request for a “suitably framed print of the Orca Picture.”  The divorce decree language relied upon for this count is as follows:

IT IS FURTHER ORDERED AND DECREED that [Di Sibio] will provide [Parish] with a suitably framed print of the “Orca Picture” presently in her possession within thirty (30) days of the signing of the Final Decree by the Court.

While Di Sibio argues that this count is groundless because Parish’s attorney admitted that Parish had the “Orca Picture” in his possession, what little evidence there is in the record shows that Parish alleged this count because he had not received a “suitably framed” print of the “Orca Picture.”  At the February 2003 hearing, Parish’s attorney stated, and the trial court agreed, that the issue was whether the print had been “suitably framed.”  Di Sibio’s attorney agreed too, stating, “Oh yes.  That’s the complaint, Your Honor.”  Parish also testified at the September 2005 trial that the print was in Di Sibio’s possession when the original enforcement action was filed.  Because the complained-of count is not groundless for having no basis in fact, we hold that the trial court did not abuse its discretion by not imposing sanctions based on count sixty-five of the enforcement action.  
See 
Tex. R. Civ. P.
 13; 
Downer
, 701 S.W.2d at 241–42 (stating that trial court’s ruling should be reversed only if it was arbitrary or unreasonable).

G. Count Sixty-Seven
(footnote: 3)
 Count sixty-seven alleged that Di Sibio failed to notify Parish of her intent to take the children out of the contiguous United States and failed to obtain a written agreement with him regarding the same.  The divorce decree language relied upon for this count is as follows:

IT IS ORDERED that with regard to any vacation of a conservator with the children that is to occur out of town or out of the contiguous United States after August 30, 2001, the following requirements apply:

. . . .

(4) Any vacation period where the party intends to take the children out of the contiguous United States will be subject to prior written agreement of the parties.  Neither party shall unreasonably withhold agreement or unreasonably withhold execution of any document necessary to facilitate the travel plans of the other party and the children.

Parish testified that Di Sibio failed to notify him that she planned to take the children to Hawaii and, consequently, that he did not have an agreement with Di Sibio regarding her taking the children out of the contiguous United States. The second amended enforcement action included an additional count alleging that Di Sibio failed to obtain Parish’s written agreement to take the children to the Dominican Republic.  Parish’s testimony and an exhibit to the motion (email communications between Parish and Di Sibio) show that Parish did not give his authorization allowing Di Sibio to take the children to the Dominican Republic. Di Sibio’s reference to an email in which she gives Parish contact information for the trip shows only that she gave Parish the contact information; it does not demonstrate that she obtained his written agreement to take the children out of the contiguous United States.  Because the complained-of count is not groundless for having no basis in fact, we hold that the trial court did not abuse its discretion by not imposing sanctions based on count sixty-seven of the enforcement action.  
See 
Tex. R. Civ. P.
 13; 
Downer
, 701 S.W.2d at 241–42 (stating that trial court’s ruling should be reversed only if it was arbitrary or unreasonable).

In light of the above, Di Sibio’s arguments—that rule 13 sanctions were appropriate because Parish’s attorney had “prior written notice that the motion was not sustainable as a matter of law,” because Parish’s attorney should have known that the pleading “would not sustain a criminal contempt case,” because the pleading was filed during the Thanksgiving and Christmas holidays even though it had been drafted in March of the same year, and because Parish’s attorney allegedly misstated the law and relied on untrue facts—are unpersuasive or inapposite.

Having determined that the complained-of counts are not groundless for having no basis in law or fact, we need not determine whether the counts were also brought in bad faith or for purposes of harassment.  
See 
Tex. R. Civ. P.
 13; 
Tex. R. App. P.
 47.1.  We overrule Di Sibio’s first point.

IV.  Attorney’s Fees

In her second point, Di Sibio argues that the trial court erred in its order in suit affecting the parent-child relationship by requiring her to pay attorney’s fees in the amount of $20,000 to Parish.

Relying on section 261.106 of the family code, Di Sibio first argues that she should not have to pay attorney’s fees because, in light of evidence of Parish’s alleged “drunkenness” and “false statements of sexual misconduct against [the children’s] step-father,” she was the one who—“at the behest of Child Protective Services”—brought the modification suit “solely for the safety, welfare, and protection of her children.”  She thus contends that “[p]ublic policy requires that party litigants who are seeking to protect children not then be penalized for doing so by being ordered to pay the offending party’s attorney’s fees.”

A person having cause to believe that a child’s physical or mental health or welfare has been adversely affected by abuse or neglect by any person shall immediately make a report to the appropriate authorities.  
Tex. Fam. Code Ann.
 § 261.101(a) (Vernon Supp. 2007).  Section 261.106(a) provides immunity from civil or criminal liability for those who act in good faith in reporting such child abuse or neglect.  This section reads as follows:

A person acting in good faith who reports or assists in the investigation of a report of alleged child abuse or neglect or who testifies or otherwise participates in a judicial proceeding arising from a report, petition, or investigation of alleged child abuse or neglect is immune from civil or criminal liability that might otherwise be incurred or imposed.

Id
.
 § 261.106(a) (Vernon 2002).

The litigation in the instant case involved Di Sibio’s attempt to modify the custody arrangement set forth in the divorce decree.  It was neither a child abuse case nor a case in which Di Sibio was sued for having made or participated in a report of alleged child abuse.  
See, e.g., Nunez v. Jimenez
, No. 04-07-00403-CV, 2007 WL 4320822, at *4 (Tex. App.—San Antonio Dec. 12, 2007, no pet. h.) (mem. op.) (considering police officer’s grounds of immunity in appeal from denial of motion for summary judgment in false imprisonment and defamation action).  “The clear import of the progression of the [duty to report] statutes is that the legislature intended to protect reporters of child abuse from liability for 
the act of reporting the abuse itself
, not from civil or criminal liability generally.”  
State v. Harrod
, 81 S.W.3d 904, 908 (Tex. App.—Dallas 2002, pet. ref’d) (emphasis added).  Accordingly, Di Sibio’s section 261.106-based argument is unpersuasive.

Stating that “an unsuccessful party cannot be awarded attorney’s fees unless the record shows that the attorney’s fees were necessary and were performed for the benefit of the child,” Di Sibio additionally argues that the record is “void of any evidence” that the attorney’s fees awarded to Parish were incurred for the benefit of Parish’s children.  
See Marichal v. Marichal
, 832 S.W.2d 797, 798–99 (Tex. App.—Houston [14th Dist.] 1992, no writ).

The trial court may award reasonable attorney’s fees in a family law case.  
See 
Tex. Fam. Code Ann.
 § 106.002 (Vernon Supp. 2007).  The award of attorney’s fees in a suit affecting the parent-child relationship is within the sound discretion of the trial court.  
Bruni v. Bruni
, 924 S.W.2d 366, 368 (Tex. 1996).  “[I]n family law cases, it is not always so easy to determine who the prevailing party is.”  
In re M.A.N.M.
, 231 S.W.3d 562, 566 (Tex. App.—Dallas 2007, no pet.).  In the context of attorney’s fees, the prevailing party is typically the party who either successfully prosecutes the action or successfully defends against it, prevailing on the main issue.  
Id
.

Here, Di Sibio’s argument relies on the implication that she was the prevailing party at trial.  However, the original divorce decree ordered that Di Sibio and Parish be appointed joint managing conservators without the designation of either party as the primary conservator.  Each had primary possession and control of the child during his or her periods of possession as set out in the decree.  Di Sibio requested in her motion to modify that she be named primary joint managing conservator with the exclusive right to determine the legal domicile and residence of the children or, in the alternative, sole managing conservator, with Parish named possessory conservator.  A mediated settlement agreement entered into by the parties before trial indicates that Di Sibio and Parish “are confirmed as Joint Managing Conservators” of the children.  As for possession and access, the trial court’s order states that Parish “shall have standard visitation” pursuant to the applicable provisions of the family code after thirty days of continuing under the schedule “previously agreed to by the parties.”  Having compared the relief requested by Di Sibio with the relief actually ordered by the trial court, we cannot agree with the implication raised by Di Sibio’s argument that she was the prevailing party at trial.  Di Sibio does not argue that the award of attorney’s fees was unnecessary, unreasonable, or excessive.  We hold that the trial court did not abuse its discretion by awarding the attorney’s fees to Parish.  Accordingly, we overrule Di Sibio’s second point.

V.  Conclusion

Having overruled both of Di Sibio’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  HOLMAN, GARDNER, and MCCOY, JJ.

DELIVERED:  January 10, 2008

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The motion for enforcement stated, “Movant requests that Respondent be held in contempt, jailed for a period not to exceed six months, 
and/or
 fined for each count alleged above.” [Emphasis added.]

3:
Di Sibio does not assert any argument challenging count sixty-six of the enforcement action.  We therefore do not consider it in our analysis.  
See 
Tex. R. App. P.
 38.1(h).