COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-267-CV

 

 

DEBRA DI SIBIO                                                                  APPELLANT

 

                                                   V.

 

TODD EDWARD PARISH                                                          APPELLEE

 

                                              ------------

 

              FROM
THE 16TH DISTRICT COURT OF DENTON
COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

Appellant Debra Di Sibio
appeals from two orders ruling on post-divorce actions filed by her and
Appellee Todd Edward Parish.  In two
points, Di Sibio argues that the trial court erred by failing to sanction
Parish for filing an alleged groundless pleading and by awarding Parish
attorney=s fees.  We will affirm.








 

II.  Factual and Procedural Background








The trial court signed a
divorce decree dissolving the marriage of Di Sibio and Parish on August 13,
2001.  On November 19, 2002, Parish filed
his motion for enforcement of order by contempt, which alleged in sixty-seven
counts that Di Sibio had failed to comply with portions of the divorce decree.
Counts one through forty-six alleged violations of Parish=s exclusive right to determine the school or day care facilities
attended by their two children; counts forty-seven through forty-nine concerned
Di Sibio=s alleged failure to allow Parish access to the children while Di
Sibio was taking an in-town vacation; counts fifty through fifty-eight
concerned Di Sibio=s alleged
failure to give Parish twenty-four hours= notice of one of the children=s scheduled medical or dental appointments; counts fifty-nine through
sixty-one concerned Di Sibio=s alleged failure to reimburse Parish for her portion of uninsured
medical or health care costs incurred by the children; counts sixty-two through
sixty-four concerned Di Sibio=s alleged failure to produce to Parish a ACreative Memories@ album; count sixty-five concerned Di Sibio=s alleged failure to provide Parish with a suitably framed print of
the AOrca Picture@; and count
sixty-seven concerned Di Sibio=s alleged failure to obtain Parish=s written agreement to take the children out of the contiguous United
States on a vacation.  Parish requested
that Di Sibio be held in contempt, jailed for a period not to exceed six
months, Aand/or@ fined for
each count alleged.

Di Sibio responded with her
motion to strike, special exceptions, and rule 13 request for sanctions and
attorney=s fees.  Di Sibio also filed her
petition to modify in suit affecting the parent-child relationship in which she
sought to be named primary joint managing conservator with the exclusive right
to determine the legal domicile and residence of the children or, in the alternative,
sole managing conservator.  At a February
2003 hearing, the trial court granted a number of Di Sibio=s special exceptions to the motion to enforce and clarified portions
of the divorce decree, including Parish=s right to determine the school or day care facilities attended by the
children.  Parish subsequently filed his
first amended motion for enforcement of order by contempt, which reduced the
number of contempt counts to eight, and, after mediation and more litigation,
his second amended motion for enforcement of order by contempt in September
2004, which included an additional allegation that Di Sibio had failed to
obtain a written agreement with Parish regarding her intent to take the
children to the Dominican Republic.








The trial on Parish=s motion for enforcement and Di Sibio=s motion to modify took place in September 2005.  On May 1, 2006, the trial court signed its
order on Parish=s second
amended motion for enforcement of order by contempt denying Parish=s requested contempt relief and denying Di Sibio=s requested sanctions as to Parish=s original motion to enforce. 
That same day, the trial court signed its order in suit affecting the
parent-child relationship ordering Parish, among other things, to have standard
visitation and ordering Di Sibio to pay Parish attorney=s fees in the amount of $20,000.00. 
Di Sibio appeals from these two orders.

III.  Rule 13 Sanctions

In her first point, Di Sibio argues
that the trial court erred by failing to sanction Parish for filing the
sixty-seven count contempt motion because the pleading was Aspecious@ and Agroundless@ on its face
and was filed Ain bad faith
and to harass@ her.  Parish responds that Di Sibio failed to show
that the pleading was groundless and brought in bad faith or for the purpose of
harassment.








Filing a frivolous pleading
is litigation misconduct subject to sanction under Texas Rule of Civil
Procedure 13.  Tex. R. Civ. P. 13; see Am. Transitional Care Ctrs. of
Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001).  Rule 13 permits a trial court to impose
sanctions against an attorney, a represented party, or both if the evidence
establishes that a pleading is either (1) groundless and brought in bad faith
or (2) groundless and brought to harass. 
Tex. R. Civ. P. 13.  AGroundless@ means no
basis in law or fact and not warranted by the good faith argument for the
extension, modification, or reversal of existing law.  Id. 
In evaluating an allegation of a rule 13 violation, courts must presume
that pleadings are filed in good faith, and the party seeking rule 13 sanctions
has the burden to overcome the presumption. 
GTE Commuc=ns Sys. Corp. v. Tanner, 856 S.W.2d
725, 731 (Tex. 1993).

A trial court=s ruling on a motion for sanctions is reviewed under an abuse of
discretion standard.  Cire v. Cummings,
134 S.W.3d 835, 838 (Tex. 2004).  AThe test for an abuse of discretion is not whether, in the opinion of
the reviewing court, the facts present an appropriate case for the trial court=s action, but >whether the
court acted without reference to any guiding rules and principles.=@  Id. at 838B39.  The trial court=s ruling should be reversed only if it was arbitrary or
unreasonable.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241B42 (Tex. 1985).

Section 105.006(d) of the
family code requires that certain language be included in a written ruling that
orders child support or possession of or access to a child.  See Tex.
Fam. Code Ann. ' 105.006(d)
(Vernon Supp. 2007).  The relevant
language provides in part as follows:








FAILURE
TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A
CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT
OF COURT.  A FINDING OF CONTEMPT MAY BE
PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500.00
FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY=S
FEES AND COURT COSTS.

 

Id.  Parish relied on this language, which is in
the divorce decree, as the basis for his request that Di Sibio be held in
criminal contempt for allegedly failing to comply with the portions of the
divorce decree concerning either child support or possession of or access to
the children.  The contempt grounds that
do not concern child support or possession of or access to the children are not
groundless for having no basis in law because Parish also requested in his motion
for enforcement that Di Sibio be Afined for each count alleged@ instead of being held in criminal contempt.[2]
[Emphasis added].  Parish=s enforcement action is thus not groundless for having no basis in
law.

Di Sibio argues that portions
of the divorce decree are not sufficiently specific to be enforced by criminal
contempt.  Parish, however, requested in
his motion for enforcement that the trial court enter a clarifying order if it
determined that any part of the divorce decree was not sufficiently specific to
be enforced by criminal contempt.  See
In re B.A.B., 124 S.W.3d 417, 420B421 (Tex. App.CDallas 2004,
no pet.) (recognizing request for trial court








to
enter clarification order if Aany part of the order sought
to be enforced is not specific enough to be enforced by contempt@).

 

As for the factual bases for
the contempt counts, Di Sibio organizes her argument by grouping the
complained-of counts together according to the applicable portion of the
divorce decree allegedly violated instead of setting forth an argument for each
individual count.  Our analysis will thus
do the same.

A.     Counts One through
Forty-Six

With the exception of the
dates of the alleged contemptible conduct, counts one through forty-six alleged
that Di Sibio, although able to comply, failed to abide by Parish=s written notification informing her that he would serve as the day
care provider for the children.  The
divorce decree language relied upon for these counts is as follows:

IT IS ORDERED that [Parish]
shall have exclusive right to determine the school or day care facilities the
children will attend. 








Parish testified that these counts concerned Di
Sibio=s failure to comply with his written notice informing her that he was
going to serve as the day care provider when Di Sibio needed day care.  Parish=s opinion that the above portion of the divorce decree appropriately
served as the basis for the contempt counts is supported by the trial court=s comments in an October 2001 hearing in which it affirmatively
responded to Di Sibio=s counsel=s question inquiring into whether Aa daycare facility is any person who=s prepared to provide daycare for the children.@  The trial court stated that
its Adefinition [of a day care facility] as it would stand right now . . .
would be any place where children are to be cared for during the day.@  The trial court=s subsequent clarification of this portion of the divorce decree in
February 2003 did not in and of itself render counts one through forty-six
groundless.  Because the complained-of
counts are not groundless for having no basis in fact, we hold that the trial
court did not abuse its discretion by not imposing sanctions based on counts
one through forty-six of the enforcement action.  See Tex.
R. Civ. P. 13; Downer, 701 S.W.2d at 241B42 (stating that trial court=s ruling should be reversed only if it was arbitrary or unreasonable).

B.     Counts Forty-Seven through
Forty-Nine

With the exception of the
dates of the alleged contemptible conduct, counts forty-seven through
forty-nine alleged that Di Sibio, although able to comply, failed to comply
with Parish=s written
notification informing her of his desire to exercise his forty-eight hour
period of possession with the children during her in-town vacation in December
2001.  The divorce decree language relied
upon for these counts is as follows:








On
vacations where the party taking vacation is not going out of town, the party
not on vacation shall be able to have at least one period of 48 hours with an
overnight during the vacation access of the other party.

 

Parish=s testimony at the September 2005 trial and his attorney=s arguments at the February 2003 hearing demonstrate that the counts
were based on the alleged facts that Di Sibio had possession of the children,
that Di Sibio notified Parish that she would be taking an in-town vacation,
that Parish requested a forty-eight hour period of time with the children, and
that Di Sibio never honored Parish=s request.  Further, the counts
were  not rendered groundless as a result
of the trial court=s subsequent
clarification of the above portion of the divorce decree (which caused Parish
to drop the counts in the amended motion to enforce) and Di Sibio=s argument that part of the family code superceded Parish=s reliance on this portion of the divorce decree.  Because the complained-of counts are not
groundless for having no basis in fact, we hold that the trial court did not
abuse its discretion by not imposing sanctions based on counts forty-seven
through forty-nine of the enforcement action. 
See Tex. R. Civ. P.
13; Downer, 701 S.W.2d at 241B42 (stating that trial court=s ruling should be reversed only if it was arbitrary or unreasonable).

 

 








C.     Counts Fifty through
Fifty-Eight

With the exception of the
dates of the alleged contemptible conduct, counts fifty through fifty-eight
alleged that Di Sibio, although able to comply, failed to notify Parish of
appointments that one of the children had been attending with a therapist.  The divorce decree language relied upon for
these counts is as follows:

IT IS
ORDERED that each conservator shall give notice to the other party of any
scheduled medical or dental appointments made by that party for the children
within twenty four (24) hours of making such appointments[.]

 








The record shows that Di Sibio had been taking
one of the children to a licensed clinical social worker for counseling since
the divorce was finalized in August 2001 but that Parish did not learn about
the counseling sessions until he received the AEOB statements@ from the
insurance company, which was sometime after the sessions had begun.  At the February 2003 hearing, Parish=s attorney explained that he thought the counseling sessions fell
under the medical appointments language in the divorcee decree because A[t]ypically insurance providers include reimbursement for
psychological appointments as part of medical coverage.@  The trial court=s subsequent disagreement with Parish=s attorney=s
interpretation of the divorce decree did not in and of itself render the
counts, which were later dropped, groundless. 
Because the complained-of counts are not groundless for having no basis
in fact, we hold that the trial court did not abuse its discretion by not
imposing sanctions based on counts fifty through fifty-eight of the enforcement
action.  See Tex. R. Civ. P. 13; Downer, 701
S.W.2d at 241B42 (stating
that trial court=s ruling
should be reversed only if it was arbitrary or unreasonable).

D.     Counts Fifty-Nine through
Sixty-One

With the exception of the
dates of the alleged contemptible conduct, counts fifty-nine through sixty-one
alleged that Di Sibio, although noticed and able to comply, failed to reimburse
Parish for fifty percent of one of the children=s uninsured medical prescription expenses.  The divorce decree language relied upon for
these counts is as follows:

IT IS
ORDERED AND DECREED that, within ten (10) days after the nonpaying party
receives the forms, receipts, bills, or statements, that party shall pay his or
her share of the uninsured portion of the medical or health care expenses
either by paying the health-care provider directly or by reimbursing the paying
party for any advance payment exceeding the paying party=s
share of the expenses.

 








Parish testified that he supplied Di Sibio with
three receipts and that he requested that she reimburse him for her part of the
medical expenses.  He testified, however,
that neither he nor the health care provider had been reimbursed for Di Sibio=s portion of the expenses. 
Because the complained-of counts are not groundless for having no basis
in fact, we hold that the trial court did not abuse its discretion by not
imposing sanctions based on counts fifty-nine through sixty-one of the
enforcement action.  See Tex. R. Civ. P. 13; Downer, 701
S.W.2d at 241B42 (stating
that trial court=s ruling
should be reversed only if it was arbitrary or unreasonable).

E.     Counts Sixty-Two through
Sixty-Four

With the exception of the
dates of the alleged contemptible conduct, counts sixty-two through sixty-four
alleged that Di Sibio denied Parish access to the ACreative Memories@ albums.  The divorce decree
language relied upon for these counts is as follows:

IT IS
ORDERED AND DECREED that the property referred to by the parties as the ACreative
Memories@
albums shall be the property of the children held in trust by the party who has
possession of them at any particular time. 
The albums shall remain with [Di Sibio], except that the same will be
made available to [Parish] on request, and may remain in his possession for up
to thirty (30) days.

 








The record demonstrates that the parties disputed
whether the albums had been turned over in compliance with the divorce
decree.  Di Sibio argued that she had
tendered the albums to Parish along with a receipt for him to sign, but Parish
testified that he had been asked to sign the receipt before the albums were
ever tendered to him.  Nonetheless, as
Parish points out, a mediated settlement agreement entered into by the parties
in May 2003 addressed the dispute over the albums.  Because the complained of counts are not
groundless for having no basis in fact, we hold that the trial court did not
abuse its discretion by not imposing sanctions based on counts sixty-two
through sixty-four of the enforcement action. 
See Tex. R. Civ. P.
13; Downer, 701 S.W.2d at 241B42 (stating that trial court=s ruling should be reversed only if it was arbitrary or unreasonable).

F.      Count Sixty-Five

Count sixty-five alleged that
Di Sibio failed to comply with Parish=s request for a Asuitably
framed print of the Orca Picture.@  The divorce decree language
relied upon for this count is as follows:

IT IS
FURTHER ORDERED AND DECREED that [Di Sibio] will provide [Parish] with a
suitably framed print of the AOrca Picture@ presently
in her possession within thirty (30) days of the signing of the Final Decree by
the Court.

 








While Di Sibio argues that this count is
groundless because Parish=s attorney
admitted that Parish had the AOrca Picture@ in his
possession, what little evidence there is in the record shows that Parish
alleged this count because he had not received a Asuitably framed@ print of
the AOrca Picture.@  At the February 2003 hearing, Parish=s attorney stated, and the trial court agreed, that the issue was
whether the print had been Asuitably framed.@  Di Sibio=s attorney agreed too, stating, AOh yes.  That=s the complaint, Your Honor.@  Parish also testified at the
September 2005 trial that the print was in Di Sibio=s possession when the original enforcement action was filed.  Because the complained-of count is not
groundless for having no basis in fact, we hold that the trial court did not
abuse its discretion by not imposing sanctions based on count sixty-five of the
enforcement action.  See Tex. R. Civ. P. 13; Downer, 701
S.W.2d at 241B42 (stating
that trial court=s ruling
should be reversed only if it was arbitrary or unreasonable).

G.     Count Sixty-Seven[3]

 Count sixty-seven alleged that Di Sibio failed
to notify Parish of her intent to take the children out of the contiguous
United States and failed to obtain a written agreement with him regarding the
same.  The divorce decree language relied
upon for this count is as follows:

IT IS
ORDERED that with regard to any vacation of a conservator with the children
that is to occur out of town or out of the contiguous United States after
August 30, 2001, the following requirements apply:

 

. . . .

 








(4)
Any vacation period where the party intends to take the children out of the
contiguous United States will be subject to prior written agreement of the
parties.  Neither party shall
unreasonably withhold agreement or unreasonably withhold execution of any document
necessary to facilitate the travel plans of the other party and the children.

 

Parish testified that Di Sibio failed to notify
him that she planned to take the children to Hawaii and, consequently, that he
did not have an agreement with Di Sibio regarding her taking the children out
of the contiguous United States. The second amended enforcement action included
an additional count alleging that Di Sibio failed to obtain Parish=s written agreement to take the children to the Dominican
Republic.  Parish=s testimony and an exhibit to the motion (email communications between
Parish and Di Sibio) show that Parish did not give his authorization allowing
Di Sibio to take the children to the Dominican Republic. Di Sibio=s reference to an email in which she gives Parish contact information
for the trip shows only that she gave Parish the contact information; it does
not demonstrate that she obtained his written agreement to take the children
out of the contiguous United States. 
Because the complained-of count is not groundless for having no basis in
fact, we hold that the trial court did not abuse its discretion by not imposing
sanctions based on count sixty-seven of the enforcement action.  See Tex.
R. Civ. P. 13; Downer, 701 S.W.2d at 241B42 (stating that trial court=s ruling should be reversed only if it was arbitrary or unreasonable).








In light of the above, Di
Sibio=s argumentsCthat rule 13
sanctions were appropriate because Parish=s attorney had Aprior
written notice that the motion was not sustainable as a matter of law,@ because Parish=s attorney
should have known that the pleading Awould not sustain a criminal contempt case,@ because the pleading was filed during the Thanksgiving and Christmas
holidays even though it had been drafted in March of the same year, and because
Parish=s attorney allegedly misstated the law and relied on untrue factsCare unpersuasive or inapposite.

Having determined that the
complained-of counts are not groundless for having no basis in law or fact, we
need not determine whether the counts were also brought in bad faith or for
purposes of harassment.  See Tex. R. Civ. P. 13; Tex. R. App. P. 47.1.  We overrule Di Sibio=s first point.

IV.  Attorney=s Fees

In her second point, Di Sibio
argues that the trial court erred in its order in suit affecting the
parent-child relationship by requiring her to pay attorney=s fees in the amount of $20,000 to Parish.








Relying on section 261.106 of
the family code, Di Sibio first argues that she should not have to pay attorney=s fees because, in light of evidence of Parish=s alleged Adrunkenness@ and Afalse
statements of sexual misconduct against [the children=s] step-father,@ she was the
one whoCAat the behest of Child Protective Services@Cbrought the modification suit Asolely for the safety, welfare, and protection of her children.@  She thus contends that A[p]ublic policy requires that party litigants who are seeking to
protect children not then be penalized for doing so by being ordered to pay the
offending party=s attorney=s fees.@

A person having cause to
believe that a child=s physical
or mental health or welfare has been adversely affected by abuse or neglect by
any person shall immediately make a report to the appropriate authorities.  Tex.
Fam. Code Ann. ' 261.101(a)
(Vernon Supp. 2007).  Section 261.106(a)
provides immunity from civil or criminal liability for those who act in good
faith in reporting such child abuse or neglect. 
This section reads as follows:

A
person acting in good faith who reports or assists in the investigation of a
report of alleged child abuse or neglect or who testifies or otherwise
participates in a judicial proceeding arising from a report, petition, or
investigation of alleged child abuse or neglect is immune from civil or
criminal liability that might otherwise be incurred or imposed.

 

Id. ' 261.106(a) (Vernon 2002).








The litigation in the instant
case involved Di Sibio=s attempt to
modify the custody arrangement set forth in the divorce decree.  It was neither a child abuse case nor a case
in which Di Sibio was sued for having made or participated in a report of
alleged child abuse.  See, e.g., Nunez
v. Jimenez, No. 04-07-00403-CV, 2007 WL 4320822, at *4 (Tex. App.CSan Antonio Dec. 12, 2007, no pet. h.) (mem. op.) (considering police
officer=s grounds of immunity in appeal from denial of motion for summary
judgment in false imprisonment and defamation action).  AThe clear import of the progression of the [duty to report] statutes
is that the legislature intended to protect reporters of child abuse from
liability for the act of reporting the abuse itself, not from civil or
criminal liability generally.@  State v. Harrod, 81
S.W.3d 904, 908 (Tex. App.CDallas 2002, pet. ref=d) (emphasis added). 
Accordingly, Di Sibio=s section 261.106-based argument is unpersuasive.

Stating that Aan unsuccessful party cannot be awarded attorney=s fees unless the record shows that the attorney=s fees were necessary and were performed for the benefit of the child,@ Di Sibio additionally argues that the record is Avoid of any evidence@ that the attorney=s fees awarded to Parish were incurred for the benefit of Parish=s children.  See Marichal v.
Marichal, 832 S.W.2d 797, 798B99 (Tex. App.CHouston
[14th Dist.] 1992, no writ).








The trial court may award
reasonable attorney=s fees in a
family law case.  See Tex. Fam. Code Ann. ' 106.002 (Vernon Supp. 2007). 
The award of attorney=s fees in a suit affecting the parent-child relationship is within the
sound discretion of the trial court.  Bruni
v. Bruni, 924 S.W.2d 366, 368 (Tex. 1996). 
A[I]n family law cases, it is not always so easy to determine who the
prevailing party is.@  In re M.A.N.M., 231 S.W.3d 562, 566
(Tex. App.CDallas 2007,
no pet.).  In the context of attorney=s fees, the prevailing party is typically the party who either
successfully prosecutes the action or successfully defends against it,
prevailing on the main issue.  Id.








Here, Di Sibio=s argument relies on the implication that she was the prevailing party
at trial.  However, the original divorce
decree ordered that Di Sibio and Parish be appointed joint managing
conservators without the designation of either party as the primary conservator.  Each had primary possession and control of
the child during his or her periods of possession as set out in the
decree.  Di Sibio requested in her motion
to modify that she be named primary joint managing conservator with the
exclusive right to determine the legal domicile and residence of the children
or, in the alternative, sole managing conservator, with Parish named possessory
conservator.  A mediated settlement
agreement entered into by the parties before trial indicates that Di Sibio and
Parish Aare confirmed as Joint Managing Conservators@ of the children.  As for
possession and access, the trial court=s order states that Parish Ashall have standard visitation@ pursuant to the applicable provisions of the family code after thirty
days of continuing under the schedule Apreviously agreed to by the parties.@  Having compared the relief
requested by Di Sibio with the relief actually ordered by the trial court, we
cannot agree with the implication raised by Di Sibio=s argument that she was the prevailing party at trial.  Di Sibio does not argue that the award of
attorney=s fees was unnecessary, unreasonable, or excessive.  We hold that the trial court did not abuse
its discretion by awarding the attorney=s fees to Parish.  Accordingly,
we overrule Di Sibio=s second
point.

V.  Conclusion

Having overruled both of Di
Sibio=s points, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL
A:  HOLMAN, GARDNER, and MCCOY, JJ.

 

DELIVERED:  January 10, 2008











[1]See Tex. R.
App. P. 47.4.





[2]The motion for enforcement stated, AMovant requests that Respondent be
held in contempt, jailed for a period not to exceed six months, and/or
fined for each count alleged above.@ [Emphasis added.]





[3]Di Sibio does not assert any
argument challenging count sixty-six of the enforcement action.  We therefore do not consider it in our
analysis.  See Tex. R. App. P. 38.1(h).