# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 28, 2011

The Honorable Paul Johnson
Denton County Criminal District Attorney
Post Office Box 2850
Denton, Texas 76202

Opinion No. GA-0847

Re: Whether information contained in a presentence investigation report may be released to the Department of Family and Protective Services for the protection of a child (RQ-0917-GA)

Dear Mr. Johnson:

You ask whether information contained in a presentence investigation report may be released to the Department of Family and Protective Services for the protection of a child.[1]

You explain that, under section 9 of article 42.12, Code of Criminal Procedure, a community supervision officer may be directed by a judge, prior to a plea, to prepare a presentence investigation report containing, inter alia, "the circumstances of the offense with which the defendant is charged," as well as the defendant's criminal and social history. Request Letter at 1; TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(c) (West Supp. 2010). Sometimes, you assert, the supervision officer may, in the course of his investigation, obtain information that suggests that a child in the defendant's custody has been abused or neglected. Request Letter at 2. Under section 9 of article 42.12, the contents of a presentence report "may not be disclosed to any person," prior to a plea, including the presiding judge, unless certain conditions are fulfilled. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(c) (West Supp. 2010).[2]

Section 261.101(a) of the Family Code provides that "[a] person having cause to believe that a child's physical or mental health or welfare has been adversely affected by abuse or neglect by any person shall immediately make a report as provided by this subchapter." TEX. FAM. CODE ANN. § 261.101(a) (West 2008). The report must be made to one of a number of entities, among which is the Department of Family and Protective Services. Id. § 261.103(a). You inquire how the

---

[1]Request Letter at 1 (Child Protective Services (CPS) is a division of the Department of Family and Protective Services.) (available at http://www.texasattorneygeneral.gov).

[2]Unless, for example, "(1) the defendant pleads guilty or nolo contendere or is convicted of the offense; or (2) the defendant, in writing, authorizes the judge to inspect the report." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(c) (West Supp. 2010).

confidentiality of the presentence investigation report may be reconciled with the duty of any person to report suspected child abuse or neglect. Request Letter at 1–2.

In a 1999 opinion, this office considered a somewhat similar situation. *See* Tex. Att'y Gen. Op. No. JC-0070 (1999). In that case, the Polygraph Examiners Act provided that information obtained in connection with a polygraph examination was confidential. *Id.* at 1, 3. This office unequivocally proclaimed that section 261.101 of the Family Code took precedence over other conflicting confidentiality statutes: "We believe that the legislature intended section 261.101 of the Family Code to prevail over any inconsistent statute, which includes section 19A of the Polygraph Examiners Act, unless the inconsistent statute explicitly recognizes and excepts itself from section 261.101." *Id.* at 5. The opinion continued:

> In our opinion, the legislature deemed the protection of children more important than any other interest not explicitly protected from section 261.101's reach. Section 261.101(a) therefore *orders* any person who has reason to suspect that a child has been abused or neglected *immediately* to report the information. Subsection (c) declares that the report requirement applies *without exception* and regardless of the application of a privilege . . . .

> In *Albright v. Texas Department of Human Services*, 859 S.W.2d 575 (Tex. App.—Houston [1st Dist.] 1993, no writ), the court stated that, under the Family Code, the protection of the child is paramount "in instances of suspected child abuse." The court further stated that the Family Code provisions regarding mandatory reporting of suspected child abuse, among other provisions, indicate that preventing child abuse is a high priority in this state and "demonstrate the public commitment to" promoting children's welfare.

*Id.* at 6 (citations omitted).

We believe that Opinion JC-0070 correctly construed the law. The Legislature has met in five regular sessions since the issuance of that opinion and has not challenged its conclusions. Moreover, because the protection of children outweighs other competing interests, it is our view that section 261.101 of the Family Code prevails over any inconsistent statute "unless the inconsistent statute explicitly recognizes and excepts itself from section 261.101." *Id.* at 5. Section 9 of article 42.12 of the Code of Criminal Procedure does not in any manner reference section 261.101, and we consequently conclude that the duty to report an instance of child abuse or neglect under section 261.101 prevails over the confidentiality provisions of section 9 of article 42.12. Accordingly, in answer to your first question, information contained in a pre-plea presentence investigation report may be disclosed to the Department of Family and Protective Services to the extent that such information discloses that a child's physical or mental health or welfare has been adversely affected by abuse or neglect, despite section 9 of article 42.12 of the Code of Criminal Procedure.

You also ask whether a community supervision officer who makes a report of child abuse or neglect to the Department of Family and Protective Services is immune from civil and criminal liability under section 261.106 of the Family Code. *See* Request Letter at 1. "A person acting in good faith who reports . . . alleged child abuse or neglect . . . is immune from civil or criminal liability that might otherwise be incurred or imposed." TEX. FAM. CODE ANN. § 261.106(a) (West 2008). *See also State v. Harrod*, 81 S.W.3d 904, 908 (Tex. App.—Dallas 2002, pet. ref'd) ("legislature intended to protect reporters of child abuse from liability for the act of reporting the abuse itself, not from civil or criminal liability generally"). We conclude that a community supervision officer who in good faith makes a report of child abuse or neglect to the Department of Family and Protective Services is immune from civil and criminal liability under section 261.106(a) of the Family Code.

### S U M M A R Y

Under section 261.101, Family Code, a community supervision officer may release to the Department of Family and Protective Services information contained in a pre-plea presentence investigation report required by section 9 of article 42.12, Code of Criminal Procedure, to the extent that such information discloses that a child's physical or mental health or welfare has been adversely affected by abuse or neglect. An officer who releases such information to the Department is immune from civil and criminal liability under section 261.101(a), Family Code, for having done so.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee